FILED LAL
NOV 20 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

06CV6324
JUDGE ST EVE
MAGISTRATE JUDGE BROWN

RUBEN ROBERTSON,

    Plaintiff,

v.

NORTHERN ILLINOIS REGIONAL
COMMUTER RAILROAD CORPORATION,
d/b/a METRA – METROPOLITAN RAIL,

    Defendants.

Judge:

Trial by Jury Demanded

## COMPLAINT AT LAW

NOW COMES the Plaintiff, RUBEN ROBERTSON, by and through his attorneys, JAMES T. FOLEY and HOEY & FARINA, P.C., and for his Complaint against Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA – METROPOLITAN RAIL (hereinafter METRA), states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 56 and Title 28 U.S. Code § 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act 45 U.S. Code § 51 et seq.

3. At all times herein, the Defendant METRA was and is a railroad corporation doing business in the State of Illinois.

4. At all times herein, the Defendant METRA was a common carrier by railroad engaged in Interstate Commerce.

5. On February 6, 2005, at or about 3:30 p.m. and at all pertinent times, the Defendant METRA owned, maintained and operated a railroad station, platform and railroad tracks in an area in and around 127th and Prairie in Blue Island, Illinois.

6. On February 6, 2005, at or about 3:30 p.m. and at all pertinent times, Plaintiff RUBEN ROBERTSON was employed by Defendant METRA as a conductor.

7. On February 6, 2005, at or about 3:30 p.m. and at all pertinent times, Plaintiff was performing work for Defendant, METRA, in connection with, or in furtherance of, Defendant's business of Interstate Commerce and Transportation.

8. In the usual course of his duties as a conductor for Defendant METRA on February 6, 2005, at or about 3:30 p.m., in Blue Island, Illinois, at or about 127th and Prairie, Plaintiff was violently and unexpectedly attacked by a passenger when he came to the aid of co-worker Underwood resulting in severe and permanent injuries.

9. At the time and place alleged, the Defendant METRA has a non-delegable duty to provide the Plaintiff with a reasonably safe place to work.

10. In violation of its duty, Defendant negligibly and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

    (a). Failed to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work;

    (b). Failed to adopt, install, implement, and enforce a safe method and procedure for monitoring and screening passengers before they are allowed to board Defendant METRA's trains, while they are on board the trains, and on METRA's properties;

    (c). Failed to provide sufficient personnel to ensure the safety of the train crew;

(d). Failed to adopt, install, implement, and enforce a safe method and procedure for the patrol and monitoring of the METRA train cars the Plaintiff was required to work aboard;

(e). Failed to warn Plaintiff of the presence of a dangerous and violent passenger aboard the METRA train car in which he was required to work;

(f). Failed to adopt, install, implement, and enforce a safe and suitable method of communication among members of the train crew with which Plaintiff was required to work;

(g). Failed to properly train its crews, including Plaintiff, on how to deal with, recognize, and restrain unruly, dangerous passengers, when Defendant had actual notice of such passengers;

(h). Failed to provide its train crews, including Plaintiff, with sufficient security personnel on board its trains, and on and at its train platforms and stations, to protect the crews from unruly, dangerous passengers, when Defendant had actual notice of such passengers;

(i). Failed to properly adopt, install, implement, and enforce a safe and suitable method of providing police backup to its train crews when the crews encounter unruly, dangerous passengers;

(j). Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

11. Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

3

12. As a consequence, Plaintiff RUBEN ROBERTSON incurred injury which has caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses, and is reasonably certain to incur further medical, hospital and related expenses in the future.

13. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff RUBEN ROBERTSON demands judgment in his favor and against Defendant METRA in a sum in excess of $100,000.00 plus the costs of this suit.

Respectfully submitted,
Ruben Robertson

By: *[signature]*

James T. Foley
HOEY & FARINA, P.C.
542 South Dearborn
Suite 200
Chicago, Illinois 60605
(312) 939-1212